UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO VILLALOBOS-SANCHEZ,<br>　　　　　　　　　　　　Petitioner,<br>v.<br>UNITED STATES OF AMERICA,<br>　　　　　　　　　　　　Respondent. | Case No.: 20-cv-00540; 19-cr-04021-AJB-1<br>**ORDER DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

On March 20, 2020, Petitioner Gerardo Villalobos-Sanchez ("Petitioner") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("the Motion"). (Doc. No. 1.) The Court has fully reviewed the record and for the reasons set forth below, **DISMISSES** Petitioner's Motion.

I. **BACKGROUND**

On December 11, 2019, Petitioner entered into a written plea agreement with the Government to plead guilty on one count of a false statement in application and use of a United States passport. (*See* Case No. 19-cr-04021-AJB-1, Doc. No. 16 ("Plea Agreement") at 9.) Under the terms of the Plea Agreement, Petitioner agreed to waive any right to collaterally attack his conviction and sentence unless the collateral attack was based on an ineffective assistance of counsel claim. (*Id.*) On February 5, 2020, this Court sentenced Petitioner to a term of eight (8) months in custody. This sentence represented the low end of the guideline range recommended by the Government. (*See* Case No. 19-

1

cr-04021-AJB-1, Doc. No. 21 at 2.) On March 20, 2020, Petitioner filed the instant Motion. (Doc. No. 1.)

## II.   DISCUSSION

Claims for relief under 28 U.S.C. § 2255 must be based on a constitutional error, a jurisdictional error, a defect resulting in a miscarriage of justice, or an unfair procedure. 28 U.S.C. § 2255(a); *United States v. Timmreck*, 441 U.S. 780, 783–84 (1979). Under Rule 4(b) of the Rules Governing § 2255 Proceedings, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." The court does not need to hold an evidentiary hearing or obtain a response from the government. *See* 28 U.S.C. § 2255; *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

Here, Petitioner does not identify any violation of federal law or alleged facts supportive of a viable claim. In his Motion, Petitioner states that his sole ground for his claim is "collateral relief/seeking relief from my conviction and sentence." (Doc. No. 1 at 4.) As for the supporting facts, Petition only states, "plea-agreement/fast-track." (*Id.*) However, Petitioner waived both the right to appeal, and the right to collaterally attack the judgment and sentence as part of his Plea Agreement. (Plea Agreement at 9.) Because Petitioner does not challenge the validity of the waiver, the Court finds that the waiver should be enforced. *See United States v. Navarro–Botello*, 912 F.2d 318, 321 (9th Cir. 1990) ("A knowing and voluntary waiver of a statutory right is enforceable."). The right to collaterally attack a sentence under 28 U.S.C. § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition. *See, e.g.*, *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (by entering a plea agreement waiving the right to appeal sentencing issues, defendant relinquished his right to seek collateral relief from his sentence on the ground of newly discovered exculpatory evidence). Here, Petitioner's Plea Agreement only allows for collateral attacks if they are based on an ineffective assistance of counsel claim. But nothing in the Motion suggests Petitioner is seeking to relief due to

2

the ineffective assistance of his counsel.

Furthermore, the scope of a § 2255 waiver may be subject to potential limitations. For example, a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Rule 11 of the Federal Rules of Criminal Procedure to ensure that the waiver was knowingly and voluntarily made. *See Navarro–Botello*, 912 F.2d at 321. Such a waiver might also be ineffective where the sentence imposed is not in accordance with the negotiated agreement, or if the sentence imposed violates the law. *Id.*; *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1996). Finally, a waiver may not "categorically foreclose" defendants from bringing § 2255 proceedings involving ineffective assistance of counsel or involuntariness of waiver. *See Abarca*, 985 F.2d 1012, 1014; *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1992). In this case, none of these potential limitations on the validity of Petitioner's waiver are applicable. First, the record indicates that Petitioner knowingly and voluntarily entered into the Plea Agreement and that the requirements of Rule 11 were adhered to. (*See* Case No. 19-cr-04021-AJB-1, Doc. 17.) Second, the sentence imposed by the Court was in accordance with the Plea Agreement, and in accordance with the applicable sentencing guidelines. Third, as stated above, Petitioner does not assert an ineffective assistance of counsel claim.

## III.   CONCLUSION

In light of the foregoing, the Court **DISMISSES** Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

Dated:  June 18, 2020

Hon. Anthony J. Battaglia
United States District Judge